[No. 5158.]

## JOHN F. LASSING v. TIMOTHY PAIGE.

Oral Change in Written Contract.—An oral change in or waiver of the terms of a written agreement must be clearly established.

Appeal from the District Court, Thirteenth Judicial District, County of Merced.

The plaintiff contracted in writing to plow 1280 acres of land for the defendant for two dollars per acre, payment to be made when the land was all plowed. The plowing was to be done in January, February, and March, 1874. The plaintiff only plowed 750 of the 1280 acres, and then brought suit to recover for what he had plowed. He recovered judgment, and the defendant appealed. The other facts are stated in the opinion.

*J. H. Budd and Pringle & Hayne*, for the Appellant.

*C. H. Marks*, for Respondent.

By the COURT:

In his specifications of particulars in which the evidence was insufficient to justify the verdict, the appellant enumerates: "Second. The evidence shows no modification of the terms of said written contract, which makes the money, or any part of it, for such plowing due before such plowing was all completed. Third. The evidence shows no modification of said written contract in any respect."

By the terms of the written agreement nothing was to be paid for any of the work until the whole of the two sections were plowed.

The only direct evidence tending to establish an oral change in, or waiver of, the terms of the written agreement, consists of the testimony of the plaintiff, who, after stating that, some of the plowing having been done, he met defendant on the land, and suggested that he should "get some one else to do the plowing better than I can," proceeds: "He said go ahead and do the best I could and he would pay me for what I did, and would send me a check for $300; then he drove off, and as he was driving off I told him to send Mr. Underwood up once or twice a week, and whenever I could not do the plowing to suit him, I would take my teams and quit. I told him in the course of the conversation, in case it shall not rain any more in a week, shall I lose what I have done? He said I do not owe you any money until you complete the plowing."

This did not tend to establish a change in the terms of the contract as contended for, but, on the contrary, was evidence that defendant relied, and intended to rely, on his rights under the written agreement.

Judgment and order reversed, and cause remanded for a new trial.