---

[No. 11770. Department One. — July 1, 1889.]

NORDDEUTSCHEN FEUER VERSICHERUNGS GESELLSCHAFT, Appellant, *v.* CESAR BERTHEAU, Respondent.

Insurance Company — Agency — Counterclaim — Modification of Contract — Question of Fact — Instructions.— In an action against the agent of an insurance company, where the defendant pleads a counterclaim for money advanced to pay the indebtedness of a former agent, under an alleged verbal contract modifying the written contract of agency, and making the advance of such indebtedness the consideration of a promise to continue the agency during the good behavior of the defendant, the question whether the contract was so modified is one of fact

for the jury, where there is evidence upon the point sufficient to go to the jury, and the court in such case may properly refuse to instruct the jury that there is no proof sufficient in law to alter or modify the written contract.

ID. — MEASURE OF DAMAGES — QUESTION OF FACT — PARTNERSHIP. — The measure of damages upon such counterclaim in favor of the agent, where he was discharged at the expiration of two years, is not the full sum advanced to pay the indebtedness of the previous agent; for the agency must be presumed to be of some value during the two years, and the amount of actual damage suffered is a question of fact for the jury. If such money was paid on account of a firm composed of the former agent and the defendant, it is questionable whether the defendant would be entitled to recover more than half of the damage suffered, though the partnership was dissolved by death of the former agent, and the defendant thereafter continued the business of the agency.

APPEAL from an order of the Superior Court of the city and county of San Francisco denying a new trial.

The facts are stated in the opinion of the court.

*Napthaly, Freidenrich & Ackerman,* for Appellant.

An oral change in a written agreement must be clearly established. (*Lassing* v. *Paige,* 51 Cal. 575; 56 Cal. 139.) The instruction fixing the damages of defendant usurped the province of the jury over a question of fact. (*Parke* v. *Frank,* 75 Cal. 364.)

*A. H. Loughborough,* for Respondent.

*Lassing* v. *Paige* does not apply to the case of an executed oral agreement. Defendant had the right to rescind the contract broken by plaintiff, and demand the return of the money. (Civ. Code, sec. 1689.)

WORKS, J. — This is an action to recover the sum of $8,983.56, money alleged to have been had and received by the defendant, as agent of the plaintiff in the business of insurance. One Henry Balzer had been the agent of the plaintiff, and on the twenty-fifth day of September, 1878, the defendant entered into a copartnership with said Balzer, and upon that day the plain-

tiff and said firm entered into a written contract by
which they became the agents of the company, in which
it was provided, among other things, that the plaintiff
should have the right of giving notice of the removal of
the agency at any time, the agents to terminate the
agency upon six months' notice. Immediately after the
formation of the copartnership and the making of this
contract of agency, it was discovered, upon closing up
the accounts of said Balzer, that he was indebted to the
plaintiff for premiums theretofore collected by him in
the sum of $12,018.37. The defendant pleads by way of
answer that upon the discovery of the indebtedness of
Balzer there was a separate verbal agreement entered
into between himself and the plaintiff, through its then
president, by which it was agreed that the defendant
should pay the said sum of $12,018.37 found to be due
from Balzer, and that in consideration thereof the said
firm, or the defendant, might continue the agency men-
tioned in the said written contract so long as the de-
fendant might desire, provided that said firm, or the de-
fendant, would perform all the duties of the trust.
Shortly after this transaction Balzer died, and the de-
fendant continued the business of the agency for about
two years after the making of the contract, when he was
removed by the plaintiff.

The principal question in the case arises upon the
allegation of the verbal contract, claimed to have been
made by the president, by which it is claimed that the
written contract was so modified as to continue the
agency during the good behavior of the defendant.
The only evidence tending to establish this allegation of
the answer is that of the defendant himself, and is as
follows: —

"At that time Henry Balzer owed the company $26,-
309.32, against which were outstanding premiums to the
amount of $16,952.75, which had not been collected.
Balzer owed the company, for moneys actually collected

by him, $12,018.37. His financial condition, as I found it later, was hopelessly bankrupt. That balance of $12,018.37 was paid by me to Mr. Perger, as manager of the company, on the 28th of September, 1878. Mr. Balzer had told Mr. Perger that the money was ready for him, and when the latter found that it was not forthcoming, he called on me, and asked me to pay the indebtedness of Henry Balzer, and he said to me at the time: 'If this account is squared up, and you keep up the accounts with my company, and do your duty, you will be able to soon refund yourself for your outlays, and we will stay with you and support you as long as you do your duty against (for) us.' I then paid the money; it has only been partly paid back to me."

The agency was withdrawn from the defendant on the nineteenth day of August, 1880, and it is claimed that this was a breach of the contract, and entitled the defendant to recover back the $12,018.37.

The plaintiff asked the court to charge the jury as follows:—

"1. I charge you that defendant has not presented here any proof sufficient in law to alter or modify in any particular the written contract of September 25, 1878.

"2. Under the terms of said contract plaintiff had the privilege of changing said agency and removing said agent at any time, and defendant has not shown by legal proof that this provision of said written contract was in any manner changed at any time."

The court refused to give these instructions, and this is assigned as error. It must be conceded that the evidence upon the point is extremely meager, but it tends to show that the money due from Balzer to the plaintiff was paid upon a consideration moving from the plaintiff to the defendant, and we think it was for the jury to determine whether this was such a modification of the original contract as would entitle the defendant to the remedy

claimed. It may be conceded that, where the evidence is clear and undisputed, the court may determine as a matter of law whether it shows a contract or not. (*Lassing* v. *Paige*, 51 Cal. 575.) But we think there was evidence sufficient here to go the jury and be determined by them. For this reason the instructions asked by the plaintiff were properly refused.

The court gave to the jury the following instruction:—

"If from the evidence you find that after the execution of the contract mentioned in the complaint, Perger, on behalf of the plaintiff, agreed with the defendant that the plaintiff would continue the agency with the firm of Henry Balzer & Co., or with the defendant, so long as they would faithfully discharge the duties of the trust, if said firm would pay to the plaintiff a certain amount alleged to be due to the plaintiff by Henry Balzer as its former agent; and if you find that said firm thereupon, on the faith of such promises, paid to the plaintiff the said amount, and that the said firm thereafter, until the death of said Balzer, and that the said defendant, until the revocation of the agency, faithfully performed all the duties of the trust; and if you further find that the agency was revoked without the consent of the defendant,—then the court instructs you that the defendant is entitled to offset the amount that you may find was so paid against the claim of the plaintiff for moneys received by the defendant or the said firm under the contract set forth in the complaint."

This instruction was clearly erroneous. It informed the jury that the measure of damages must be the exact amount paid by the defendant of the indebtedness of Balzer. The question as to the amount of damages was a question of fact that should have been left to the jury. (*Parke* v. *Frank*, 75 Cal. 364.)

Taking the defendant's view of the transaction, and giving it the most favorable construction for him, he was not entitled to recover the full amount paid by him

to satisfy Balzer's debt.   If the right to do business for
the plaintiff as *its* agent, during good behavior, was,
worth $12,018.37, the amount agreed to be paid by him,
the right to the agency for the term of two years, it may
fairly be assumed, was worth something, and it is alleged
in his answer and conceded by him that he did hold the
agency for that length of time.   If the agency had been
terminated immediately upon the payment of the money,
it might be said with some degree of force that he would
then be entitled to recover back the whole amount of the
money paid; but this cannot be the case where the agency
was the consideration for the payment of the money as
claimed by him, and he has enjoyed the fruits of the
agency for at least a part of the time contracted for.
There is, in fact, no foundation laid in the answer of
the defendant for proof of damages, and no facts are al-
leged tending to show that he was, in fact, damaged by
his removal from the agency.   We are quite clear, for
this reason, that the instruction ought not to have been
given, and for this error the case must be reversed.

It may be well to notice that, so far as the allegations
of the answer go and the evidence in support of it, the
money paid by the defendant seems not to have been paid
on his own account, but for the firm, and as one mem-
ber of the firm was the person owing the indebtedness,
it may be questionable whether the defendant would be
entitled to recover in any event more than the one half
of the amount found to be due him as damages or other-
wise.

Judgment and order appealed from reversed.

PATERSON, J, and Fox, J., concurred.